

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER AUTHORIZING THE
INSTALLATION AND USE OF PEN
REGISTER AND TRAP AND
TRACE DEVICE OR PROCESS

App. No. 20-M-354

## APPLICATION

The United States of America, moving by and through Margaret B. Honrath, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and trap and trace device or process ("pen-trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone number 619-708-3605, whose listed subscriber is unknown. In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application;" (2) "the identity of the law enforcement agency conducting the investigation;" and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Federal Bureau of Investigation (FBI).

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap device is relevant to an ongoing criminal investigation being conducted by the FBI.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

## THE RELEVANT FACTS

7. The United States, including the FBI, is investigating possible violations of, inter alia, 18 U.S.C. § 924(c) (Use of a firearm during a crime of violence) by is unknown.

8. The conduct being investigated involves use of the cell phone number 619-708-3605. To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from that cell phone number.

9. The pen-trap device sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone number 619-708-3605, including the date, time, and duration of the communication, and the following, without geographic limit:

- Any unique identifiers associated with the cell phone device used to make and receive calls with cell phone number 619-708-3605, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN; and
- Source and destination telephone numbers and email addresses.

## GOVERNMENT REQUESTS

10.     For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen-trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the cell phone number 619-708-3605, to include the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

11.     The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

12.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order AT&T and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap device, including installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the FBI, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of the Order.

13.     The United States further requests that the Court order AT&T and any other person or entity whose assistance may facilitate execution of the Order to notify the applicant and the FBI of any changes relating to the cell phone number 619-708-3605, and to provide prior notice to the applicant and the FBI before terminating or changing service to the cell phone number.

14. The United States further requests that the Court order that the FBI and the applicant have access to the information collected by the pen-trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

15. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order AT&T and any other person or entity whose assistance facilitates execution of the Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap device, or this investigation, unless and until authorized by the Court, except that AT&T may disclose the Order to an attorney for AT&T for the purpose of receiving legal advice.

16. The United States further requests that this application and any resulting Order be sealed for a time period of six months, pursuant to 18 U.S.C. § 3123(d)(1).

17. The foregoing is based on information provided to me in my official capacity by agents of the FBI.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2020, at Milwaukee, Wisconsin.

                MATTHEW D. KRUEGER
                United States Attorney

By:   *s/ Margaret B. Honrath*

                MARGARET B. HONRATH
                Assistant United States Attorney
                Eastern District of Wisconsin
                517 E. Wisconsin Ave, Room 530
                Milwaukee WI 53202
                414-297-1700



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR            App. No. 20-M-354
AN ORDER AUTHORIZING THE
INSTALLATION AND USE OF PEN
REGISTER AND TRAP AND
TRACE DEVICE OR PROCESS

**ORDER**

Margaret B. Honrath, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device or process ("pen-trap device") on the cell phone number 619-708-3605, whose listed subscriber is unknown and which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation, (FBI) of is unknown in connection with possible violations of 18 U.S.C. § 924(c).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that FBI may install and use a pen-trap device to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone number 619-708-3605, including the date, time, and duration of the communication, and the following, without geographic limit:

- Any unique identifiers associated with the cell phone device used to make and receive calls with cell phone number 619-708-3605, or to send or receive other

> electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN and
>
> - Source and destination telephone numbers and email addresses.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that AT&T and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap device, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the FBI reasonably compensate AT&T and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that AT&T and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the FBI of any changes relating to cell phone number 619-708-3605, including changes to subscriber information, and to provide prior notice to the FBI before terminating or changing service to the cell phone number;

IT IS FURTHER ORDERED that the FBI and the applicant have access to the information collected by the pen-trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the FBI, for the duration of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that AT&T and any other person or entity whose assistance facilitates execution of this Order, and their agents and

2

employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap device, or the investigation to any person, unless and until otherwise ordered by the Court, except that AT&T may disclose this Order to an attorney for AT&T for the purpose of receiving legal advice;

    IT IS FURTHER ORDERED that the application and this Order are sealed for a time period of six months, pursuant to 18 U.S.C. § 3123(d)(1).

____9-1-2020_____
_____ Date

*Stephen C. Dries*
STEPHEN C. DRIES
United States Magistrate Judge
App. No.